UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JACQUELINE C. MELCHER,<br><br>      Appellant,<br><br>      v.<br><br>JOHN W. RICHARDSON, Trustee in Bankruptcy,<br><br>      Appellee. | Case No. 16-cv-00165-RMW<br><br>**ORDER DISMISSING APPEALS**<br>Re: Dkt. No. 49, 57 |

Appellant Jacqueline Melcher appeals two orders of the bankruptcy court entered in Case No. 01-53251: 1) Order Denying Request for Leave to File Objection to Application for Compensation and Expense Reimbursement of Trustee's Professionals, Bankr. Dkt. No. 3900, and 2) Order Approving Fifth Application for Compensation and Expense Reimbursement, Bankr. Dkt. No. 3903. Dkt. No. 49. The court heard argument on August 19, 2016. The court treats appellant's notice of appeal as a motion for leave to appeal interlocutory orders of the bankruptcy court and denies the motion. The appeal is dismissed. Appellant's motion to file additional excerpts of the record, Dkt. No. 57, is denied as moot.

**I.    BACKGROUND**

Appellant filed a Chapter 11 bankruptcy petition in June 2001, which was converted to a Chapter 7 case in September 2008. On November 6, 2014, the bankruptcy court entered an order

requiring appellant to obtain court permission before filing any further pleadings in the case due to her long history of frivolous filings. ER0031-35. On November 17, 2015, counsel for the trustee filed a fifth application for interim compensation and expense reimbursement and a request for payment of an amount previously approved. ER0082-185. On December 2, 2015, appellant filed a request for permission to file an objection to the application with a proposed objection attached. ER0199-213. On December 8, 2015, the bankruptcy court denied appellant's request. ER 0214-15. The bankruptcy court then granted counsel for the trustee's compensation and expense reimbursement application as unopposed. ER0225-26. Appellant appeals both orders.

## II.    ANALYSIS

An interim compensation award is an interlocutory order because further proceedings may affect the scope of compensation awarded. *See In re Four Seas Ctr., Ltd.*, 754 F.2d 1416, 1419 (9th Cir. 1985); *In re Roderick Timber Co.*, 185 B.R. 601, 604 (B.A.P. 9th Cir. 1995). The court finds that the bankruptcy court's order denying leave to object is also interlocutory because appellant may request permission to file an objection to the final compensation award.

Interlocutory orders are not appealable as of right; the debtor must first obtain leave of court. *See* 28 U.S.C. § 158(a)(3) (district courts have jurisdiction to hear appeals from interlocutory orders "with leave of court"); *see also* Fed. R. Bankr. P. 8004(a) ("To appeal from an interlocutory order or decree of a bankruptcy court under 28 U.S.C. § 158(a)(3), a party must file with the bankruptcy clerk a notice of appeal . . . accompanied by a motion for leave to appeal . . ."). However, if an appellant files a notice of appeal of an interlocutory order without a motion for leave, the district court "may order the appellant to file a motion for leave, or treat the notice of appeal as a motion for leave and either grant or deny it." Fed. R. Bankr. P. 8004(d).

"Granting leave is appropriate if the order involves a controlling question of law where there is substantial ground for difference of opinion and when the appeal is in the interest of judicial economy because an immediate appeal may materially advance the ultimate termination of the litigation." *In re Travers*, 202 B.R. 624, 626 (B.A.P. 9th Cir. 1996) (quoting *In re Kashani*, 190 B.R. 875, 882 (B.A.P. 9th Cir. 1995)). Appellant does not identify any legal issue as to which

there is substantial ground for difference of opinion; it is not clear that appellant makes any substantive legal challenge to either order. Nor would permitting an interlocutory appeal be in the interest of judicial economy: "Because interim awards are interlocutory and often require future adjustments, they are *always* subject to the court's reexamination and adjustment during the course of the case." *In re Strand*, 375 F.3d 854, 858 (9th Cir. 2004) (emphasis in original). Even if this court overturned the interim compensation award, the bankruptcy court would still have discretion to adjust the final award of compensation. Therefore, the court denies appellant leave to appeal the bankruptcy court's interlocutory orders at Bankr. Dkt. Nos. 3900 and 3903.

### III. CONCLUSION

Exercising its discretion to consider the notice of appeal as a motion for leave to appeal an interlocutory order, the court denies appellant leave and dismisses the appeal.

**IT IS SO ORDERED.**

Dated: August 22, 2016

_____
Ronald M. Whyte
United States District Judge